**BANK OF RHODE ISLAND, Plaintiff,**

v.

**PROGRESSIVE CASUALTY INSURANCE COMPANY, Defendant.**

**C.A. No. 13–164–M.**

United States District Court, D. Rhode Island.

June 28, 2013.

Adam M. Ramos, William R. Grimm, Hinckley, Allen & Snyder, LLP, Providence, RI, for Plaintiff.

Gordon P. Cleary, Vetter & White, Providence, RI, Darius N. Kandawalla, Sabrina Haurin, Bailey Cavalieri LLC, Columbus, OH, for Defendant.

### ORDER

JOHN J. McCONNELL, JR., District Judge.

Defendant Progressive Casualty Insurance Company has moved under Rule 42(b) of the Federal Rules of Civil Procedure to severe certain claims and to stay discovery. (ECF No. 11.) Progressive asks this Court to severe the Plaintiff Bank Rhode Island's ("BankRI") claims for coverage from its claims for bad faith. BankRI objects (ECF No. 16) and asks this Court to bifurcate the two sets of claims for trial, but not to severe them and not to stay discovery.

This Court agrees with BankRI and will bifurcate the trial so that the coverage claims will be tried first, followed by the bad faith claims if BankRI receives a verdict on any coverage claim.

On the issue of stay of discovery of the bad faith claims, this Court follows my colleague Judge Smith's well-reasoned analysis of these issues and "weigh[s] the risk of preju-dice to the defendant ... against the possible efficiency to be gained" by not staying discovery. *Wolf v. Geico Ins. Co.*, 682 F.Supp.2d 197, 201 (D.R.I.2010).

The Court again agrees with BankRI on the issue of a stay of discovery. Progressive has not met its burden of persuasion to convince this Court that a stay is necessary. BankRI points out that there is a great deal of overlapping discovery in this case. Staying discovery would therefore be an inefficient use of both the parties' and this Court's resources. Not staying discovery avoids discovery disputes, eliminates duplicative discovery, and provides for judicial and litigant economy. Furthermore, Progressive has failed to show any prejudice that would result in not staying discovery of these claims.

Therefore, this Court GRANTS IN PART AND DENIES IN PART Progressive's Motion to Severe and Stay. (ECF No. 11.) The Court bifurcates the trial so that the coverage claims will be tried first, followed by the bad faith claims if BankRI receives a verdict on any coverage claim. This Court DENIES Progressive's request for a stay of discovery on the bad faith claims.

IT IS SO ORDERED.